CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED /en Dville
JUL 15 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TWILLA WALLACE, | CASE NO. 4:10CV00057 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | By: B. Waugh Crigler |
| | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 29, 2006 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The question presented is whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on August 28, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff was last insured on September 30, 2002[1], and that she he had not engaged in substantial gainful activity since August 1, 2002, her alleged date of disability onset. (R. 15.)

---

[1] In order to qualify for disability insurance benefits, a claimant must establish disability prior to the expiration of his or her insured status, which in this case was September 30, 2002. *See* 20 C.F.R. § 404.131(a).

The Law Judge determined that, prior to the date plaintiff was last insured, she suffered no severe impairments. (R. 16.) Since plaintiff's claim was for both disability insurance and SSI benefits, the Law Judge proceeded further and determined that, since her protective filing date, plaintiff suffered the following severe impairments: obesity, residuals of left foot fusion in November 2004, and a back disorder. (R. 19.) However, he did not find that any impairment or combination thereof met or medically equaled a listed impairment. (R. 30.) The Law Judge concluded that, since her protective filing date, plaintiff had the residual functional capacity ("RFC") to perform sedentary work which avoided pushing/pulling and postural activities (climbing, balancing, kneeling, stooping, crouching, and crawling), avoided concentrated exposure to vibration and workplace hazards (such as moving machinery parts and unprotected heights), and provided a sit/stand option. (R. 31-32.) The Law Judge further found that, although plaintiff's medically determinable impairments reasonably could be expected to produce some symptoms and limitations of the general type she alleged, her statements relating to their intensity, persistence and limiting effects were not entirely credible to the extent they were inconsistent with her RFC. (R. 35.) The Law Judge believed that plaintiff was precluded from performing her past relevant work, but that she possessed the capacity to perform other jobs which exist in substantial numbers in the national economy. (R. 36.) Thus, the Law Judge ultimately determined that plaintiff was not disabled under the Act. (R. 37.)

Plaintiff appealed the Law Judge's August 28, 2009 decision to the Appeals Council. The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision as it related to her claim for a period of disability and disability insurance benefits.

(R. 44-46.) In a separate order, the Appeals Council remanded the case as it related to plaintiff's claim for SSI. (R. 41-42.)

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff's sole argument is that the Law Judge erred in finding that she suffered no severe impairments prior to the date she was last insured, September 30, 2002.[2] (Pl's Brief, pp. 16-22.) Specifically, plaintiff alleges that her back pain, left foot pain and swelling, and obesity were severe impairments, viewed individually or in combination with one another. (Pl's Brief, pp. 21-22.) Moreover, plaintiff asserts that the Law Judge's analysis of these conditions was legally deficient because he failed to adequately review the relevant medical records. (Pl's Brief, p. 21.) The undersigned disagrees.

A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work

---

[2] This action only addresses the denial of disability insurance benefits.

3

activities[3]. 20 C.F.R. § 404.1520(c). Plaintiff bears the burden of proving that she suffered a severe impairment prior to the date she was last insured. *See Pass v. Chater,* 65 F.3d 1200, 1203 (1995) (holding that the applicant bears the burden of production and proof during the first four steps of the inquiry).

Plaintiff has detailed much of her medical record in the brief she filed in support of her claim. However, none of the medical evidence lends support to a finding that her physical impairments significantly limited her ability to perform basic work activities during the relevant time period. From the undersigned's review of the record, there are seven occasions where she was examined by hospital staff predating the expiration of plaintiff's insured status. She was seen at the Halifax Regional Hospital three times for complaints relating to her back (R. 260-274) and four times relating to a persistent sore throat (R. 275-293). There also is an office note dated May 20, 2001 from Paul C. Sparks, M.D., relating to an ankle injury (R. 434) and three office notes reporting visits to the Volens Family Practice on August 9, 2001, October 16, 2001 and August 26, 2002. (R. 487-489.) One of those visits addressed complaints related to back pain, another to dermatitis, and the third to complaints of a sore throat. (*Id.*) Though the records establish a history of plaintiff's undergoing serious back surgery, nothing is reflected in them to show that plaintiff's conditions had any, much less significant, vocational effects.

Thus, plaintiff's brief consists mainly of bare conclusions that her impairments were severe prior to the expiration of her insured status. The evidence certainly does not lead, as

---

[3] Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1)-(6).

plaintiff suggests, to the "only rational conclusion" that her foot swelling and pain, back pain, and obesity "would cause significant limitations" on her ability to stand and walk. Upon a thorough review of the record, the undersigned is of the view that plaintiff has simply failed to discharge her burden to establish that she suffered a severe impairment prior to September 30, 2002, and that there is substantial evidence to support the Commissioner's final decision.

There also is evidence in the record from other sources which demonstrates that the Law Judge's analysis of plaintiff's impairments was both legally adequate and supported by substantial evidence. As the Law Judge noted, the evidence shows that plaintiff was able to function as a full-time student through the date she was last insured. (R. 16.) Moreover, the opinions offered by the State agency record reviewing physicians support the Law Judge's conclusion. In February 2007, Robert Chaplin, M.D. evaluated plaintiff's medical records. (515-522.) He concluded that the evidence was insufficient to determine whether plaintiff suffered a disabling physical impairment prior to the date plaintiff was last insured. (R. 515, 522.) This opinion was echoed by another State agency record reviewing physician on May 3, 2007. (R. 533.)

Having determined that the Law Judge's finding that plaintiff did not suffer any severe impairments prior to her date last insured is supported by substantial evidence, and that this finding was made in a legally adequate manner, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are

entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

July 15, 2011
Date